ct 205

08/2021

# United States Bankruptcy Court
# District of Connecticut



In re:  Sharon Mathis McGill

Debtor*

Case Number: 22-20878

Chapter: 13

## NOTICE OF DEADLINE TO OBJECT
## TO THE CHAPTER 13 STANDING TRUSTEE'S FINAL ACCOUNT

**PLEASE TAKE NOTICE** that on February 24, 2023, Roberta Napolitano, the Chapter 13 Standing Trustee, filed a Chapter 13 Trustee's Final Account, ECF No. 48, in which the Trustee certified that the Debtor's estate has been fully administered in accordance with Fed. R. Bankr. P. 5009(a), *See,* attached Chapter 13 Standing Trustee's Final Account.

**NOTICE IS FURTHER GIVEN** that any objection to the Chapter 13 Standing Trustee's Final Account must be filed with the Clerk's Office on or before March 29, 2023 *. If an objection is filed a hearing may be scheduled, and, in that event a separate Notice of Hearing will issue.

**NOTICE IS FURTHER GIVEN** that the Chapter 13 Standing Trustee's Final Account is available for inspection at any Bankruptcy Court Clerk's Offices located in Hartford, New Haven, and Bridgeport, Connecticut.  You may also view the filed Chapter 13 Trustee's Final Account on the Court's PACER system (**www.pacer.psc.uscourts.gov**).

Dated: February 24, 2023

Pietro Cicolini
Clerk of Court

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

RN

# UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

In re:  SHARON MATHIS MCGILL                                   Case No.:  22-20878-JJT

Debtor(s)

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Roberta Napolitano, chapter 13 trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. Section 1302(b)(1).  The trustee declares as follows:

1) The case was filed on  12/13/2022.
2) The plan was confirmed on  NA.
3) The plan was modified by order after confirmation pursuant to 11 U.S.C Section 1329 on  NA.
4) The trustee filed action to remedy default by the debtor in performance under the plan on  NA.
5) The case was dismissed on  02/14/2023.
6) Number of months from filing or conversion to last payment:  0.
7) Number of months case was pending:  2.
8) Total value of assets abandoned by court order:  NA.
9) Total value of assets exempted:  82,285.93.
10)  Amount of unsecured claims discharged without full payment:  .00.
11) All checks distributed by the trustee relating to this case have cleared the bank.

**Receipts:**
|  |  |
|---|---|
| Total paid by or on behalf of the debtor: | $.00 |
| Less amount refunded to debtor: | $.00 |
| **NET RECEIPTS:** | $.00 |

**Expenses of Administration:**
|  |  |
|---|---|
| Attorney's Fees Paid Through The Plan: | $.00 |
| Court Costs: | $.00 |
| Trustee Expenses and Compensation: | $.00 |
| Other: | $.00 |
| **TOTAL EXPENSES OF ADMINISTRATION:** | $.00 |

Attorney fees paid and disclosed by debtor:     $313.00

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| CT DEPARTMENT OF REVENUE | Priority | NA | NA | NA | .00 | .00 |
| Attorney Not Assigned | Admin | NA | NA | NA | .00 | .00 |
| BANK OF AMERICA, N.A. | Unsecured | 14,288.79 | 13,758.78 | 13,758.78 | .00 | .00 |
| CITY OF HARTFORD | Priority | NA | NA | NA | .00 | .00 |
| INTERNAL REVENUE SERVICE | Priority | NA | NA | NA | .00 | .00 |
| JP MORGAN CHASE BANK, N.A. | Unsecured | 5,034.92 | 5,562.89 | 5,562.89 | .00 | .00 |
| M&T BANK | Secured | NA | 26,611.06 | 26,611.06 | .00 | .00 |
| NO. 2 FRASER PLACE CONDO. ASSOC. | Unsecured | 9,967.85 | NA | NA | .00 | .00 |
| SELECT PORTFOLIO SERVICING, INC. | Unsecured | 42,388.73 | 41,798.44 | 475.30 | .00 | .00 |
| SYNCHRONY BANK CARE CRED | Unsecured | NA | NA | NA | .00 | .00 |
| THRIFT SAVINGS PLAN | Unsecured | 106,249.00 | NA | NA | .00 | .00 |
| U.S. BANK NATIONAL ASSOCIATION | Secured | 84,998.68 | NA | NA | .00 | .00 |

# UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

In re: SHARON MATHIS MCGILL                                                  Case No.: 22-20878-JJT

    Debtor(s)

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

**Scheduled Creditors:**

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|---|---|---|
| WELLS FARGO AUTO | Secured | NA | 13,486.42 | 13,486.42 | .00 | .00 |

**Summary of Disbursements to Creditors:**                                Claim Allowed    Principal Paid    Interest Paid

**Secured Payments:**
    Mortgage Ongoing:                                                          .00         .00         .00
    Mortgage Arrearage:                                                        .00         .00         .00
    Debt Secured by Vehicle:                                             40,097.48         .00         .00
    All Other Secured:                                                         .00         .00         .00
**TOTAL SECURED:**                                                       40,097.48         .00         .00

**Priority Unsecured Payments:**
    Domestic Support Arrearage:                                                .00         .00         .00
    Domestic Support Ongoing:                                                  .00         .00         .00
    All Other Priority:                                                        .00         .00         .00
**TOTAL PRIORITY:**                                                            .00         .00         .00

**GENERAL UNSECURED PAYMENTS:**                                           19,796.97         .00         .00

**Disbursements:**
    Expenses of Administration:                                              $.00
    Disbursements to Creditors:                                              $.00
**TOTAL DISBURSEMENTS:**                                                                                $.00

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Date:  02/24/2023                         By:  /s/Roberta Napolitano
                                                    Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. Section 1320.4(a)(2) applies.